# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNSTOPPABLE DOMAINS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALLET INC., and SCOTT ) <br> FLORCSK, ) <br> ) <br> Defendants. ) | C.A. No. 22-1231-CFC <br><br> **JURY TRIAL DEMANDED** |

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Evidence 201, Defendants Wallet, Inc. and Scott Florcsk (collectively, "Defendants") respectfully request that the Court take judicial notice of the documents attached hereto as Exhibits A through I, in consideration of their Motion to Dismiss Plaintiff Unstoppable Domains, Inc.'s ("Unstoppable") Complaint. (D.I. 1)

Exhibit A consists of documents that reflect the status of Unstoppable's .WALLET trademark application with the United States Patent and Trademark Office ("USPTO") and the list of documents filed both by Unstoppable and the USPTO with respect to that application as found on the USPTO's website located at https://tsdr.uspto.gov.

Exhibit B is the March 31, 2020 Office Action issued by the USPTO with respect to Unstoppable's .WALLET trademark application.

Exhibit C is Unstoppable's September 30, 2020 response to the USPTO's March 31, 2020 Office Action with respect to Unstoppable's .WALLET trademark application.

Exhibit D is the May 28, 2021 Office Action issued by the USPTO with respect to Unstoppable's .WALLET trademark application.

Exhibit E is the May 23, 2022 Office Action issued by the USPTO with respect to Unstoppable's WALLET trademark application.

Exhibit F is the complaint filed by Unstoppable on July 19, 2022 against Gateway Registry, Inc. and James Stevens in the action *Unstoppable Domains, Inc. v. Gateway Registry, Inc.*, C.A. No. 22-948-CFC, before the United States District Court, District of Delaware.

Exhibit G consists of documents that reflect the status of Unstoppable's WALLET trademark application with the USPTO and the list of documents filed both by Unstoppable and the USPTO with respect to that application as found on the USPTO's website located at https://tsdr.uspto.gov.

Exhibit H is the docket report for the *Unstoppable Domains, Inc. v. Gateway Registry, Inc.*, C.A. No. 22-948-CFC action.

Exhibit I is Exhibit 1 to the Declaration of Elizabeth Grabowski (Unstoppable's In-House Counsel) in Support of Unstoppable's Motion for Default

Judgment and Order Granting Permanent Injunctive Relief filed in the *Unstoppable Domains, Inc. v. Gateway Registry, Inc.*, C.A. No. 22-948-CFC action.

Pursuant to Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

"On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered." *Diceon Elecs., Inc. v. Calvary Partners, L.P.*, 772 F. Supp. 859, 861 (D. Del. 1991). A court may take judicial notice of information made publicly available by government entities. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). This includes trademark-related documents filed with the USPTO. *See In re Chippendales USA, Inc.*, 622 F.3d 1346, 1356 (Fed. Cir. 2010) (determining that this court could take judicial notice of the existence of a trademark because "the registration documents by the [US]PTO are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' " (quoting the 2010 version of Fed. R. Evid. 201(b)(2)));

*Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (determining that USPTO documents were "public records subject to judicial notice"); *Morton & Bassett, LLC v. Organic Spices, Inc.*, C.A. No. 15-1849-HSG, 2016 WL 4608213, at *4 (N.D. Cal. Sept. 6, 2016) (finding documents publicly available through the USPTO website judicially noticeable). Finally, it is proper for a federal court to take judicial notice of the contents of court records, including briefs and petitions filed by parties. *Southmark Prime Plus, LP v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991).

The documents in Exhibits A through E and G are publicly available trademark application file histories and documents filed with the USPTO that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned, namely, the USPTO TSDR online database.

The documents in Exhibits F and I are court filings submitted by Unstoppable in *Unstoppable Domains, Inc. v. Gateway Registry, Inc.*, C.A. No. 22-948-CFC. Exhibit H is a publicly available index of the court filings in *Unstoppable Domains, Inc. v. Gateway Registry, Inc.*, C.A. No. 22-948-CFC. These documents are not subject to reasonable dispute because they are also capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned – this Court. *See id*.

- 5 -

Therefore, Defendants respectfully requests that the Court grant this Request and take judicial notice of the documents attached hereto as Exhibits A through I.

|  |  |
|---|---|
| | Respectfully submitted, |
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ Bindu A. Palapura* |
| | David E. Moore (#3983) |
| Eugene Rome | Bindu A. Palapura (#5370) |
| Sridavi Ganesan | Andrew L. Brown (#6766) |
| ROME & ASSOCIATES, A.P.C. | Hercules Plaza, 6th Floor |
| 2029 Century Park East, Suite 450 | 1313 N. Market Street |
| Los Angeles, CA 90067 | Wilmington, DE 19801 |
| Tel: (310) 282-0690 | Tel: (302) 984-6000 |
| | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| | abrown@potteranderson.com |
| Dated: November 23, 2022 | *Attorneys for Defendants Wallet Inc.* |
| 10453863 / 22478.00003 | *and Scott Florcsk* |